UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| CFA, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:22-cv-01575-TWP-TAB |
| | ) |
| CONDUENT STATE & LOCAL SOLUTIONS, INC., | ) |
| | ) |
| Defendant. | ) |

**ORDER ON DEFENDANT'S RENEWED MOTION TO STAY DISCOVERY**

**I.   Introduction.**

This cause is before the Court on Defendant Conduent's renewed motion to stay discovery. [Filing No. 42.] The Court previously stayed discovery in this case and the related case brought by MBC Group, Inc. "unless and until Defendant's motion to dismiss is denied." [Filing No. 27, at ECF p. 1-2.] The Court dismissed CFA's first complaint [Filing No. 31], because an entity identified in a government prime contract as a participating minority business enterprise ("MBE") has no right to enforce the prime contract's terms. CFA has now filed an amended complaint virtually identical to its original complaint. [Filing No. 35.] Conduent has moved to dismiss the amended complaint, and again requests that the Court stay all discovery pending resolution of that motion. The Court agrees that a stay is appropriate and grants Conduent's motion.

**II.   Discussion.**

The Court may stay discovery in its sound discretion. *Red Barn Motors, Inc. v. Cox Enterprises, Inc.,* 2016 WL 1731328, at *2 (S.D. Ind. May 20, 2016). That discretion is best exercised here by staying discovery and resolving the pending motion to dismiss. The Court

agrees with Conduent that the discovery CFA seeks—written discovery in addition to four individual depositions and one Rule 30(b)(6) deposition—amounts to a sweeping and unnecessary fishing expedition.

The integration clauses in both the Prime Contract and the Subcontract provide a strong basis for staying discovery. Conduent and the State agreed that "[t]his Contract constitutes the entire agreement between the parties. No understandings, agreements, or representations, oral or written, not specified within this Contract will be valid provisions of this Contract. This Contract may not be modified, supplemented, or amended, except by written agreement signed by all necessary parties." [Filing No. 35-1, at ECF p. 16.] Conduent and CFA agreed that the "contents of this Subcontract (including the Statement of Work, the Nondisclosure Agreement, any Task Orders issued under this Subcontract, and any other schedules or attachments to this Subcontract that are referred to and incorporated in this Subcontract) constitute the entire understanding and agreement between the Parties and supersede any prior agreements, written or oral, that are not specifically referenced and incorporated in this Subcontract. The terms and conditions of this Subcontract may not be changed or modified except by written amendment signed by both parties." [Filing No. 35-2, at ECF p. 11.] CFA has no right to challenge any change to the Prime Contract's participation plan. The Prime Contract does not permit CFA to challenge its removal from the work altogether, nor does it prevent Conduent from replacing CFA with other MBEs. The Court has already held that CFA did not acquire third-party beneficiary status simply by being named as an MBE plan participant. [Filing No. 31, at ECF p. 7.] CFA's citation to two components of what it calls a "boilerplate" form does not change this holding. Not only is this form not incorporated into the Prime Contract, the duties imposed by the State's policies are not imposed in favor of a third party.

CFA's attempt to invoke the stranger to contract exception to the parol evidence rule fares no better. CFA seeks to discover extrinsic evidence regarding the unambiguous Prime Contract to assert a third-party beneficiary claim under the Prime Contract. That is not the proper context for applying the stranger to the contract rule. The parol evidence rule still applies where a non-party to the agreement seeks to enforce the agreement for its own benefit. All of this is entirely consistent with Indiana's rule that the contracting parties' intent must affirmatively appear from the language of the agreement. None of the other cases CFA cites involve integration clauses or instances where the purported third-party beneficiary's rights and obligations were addressed in a separate agreement, like the Subcontract here, with an airtight integration provision. CFA's sur-reply, and the affidavit of Therome Buford, does not change this analysis. CFA states that Buford's deposition is "less pressing" now that CFA has obtained his affidavit. [Filing No. 48, at ECF p. 9, N. 3.] However, the suggestion that CFA might not need his deposition does not make CFA's sweeping discovery requests significantly more narrowly tailored (as CFA suggests) nor does it otherwise overcome the valid concerns and arguments Conduent has raised in opposing discovery.

### III.  Conclusion.

The Court previously stayed discovery, and in its discretion finds CFA has not offered a persuasive argument why this Court should deviate from this course. The Court dismissed CFA's first complaint, and CFA's amended complaint is virtually identical to its original complaint. Accordingly, Conduent's renewed motion to stay [Filing No. 42] is granted. CFA shall have until November 16, 2023, to file its response to Conduent's pending motion to dismiss.

Date:  11/2/2023

Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email